**HOTEL McALLISTER, Inc., v.
UNITED STATES.**

No. 1719.

District Court, S. D. Florida.
Jan. 25, 1933.

P. Robert G. Sjostrom, of Miami, Fla., for plaintiff.

W. P. Hughes, U. S. Atty., of Jacksonville, Fla., and Raymond F. Brown, Sp. Asst. U. S. Atty., of Miami, Fla.

RITTER, District Judge.

This cause has been heard upon the evidence and argument of counsel. The plaintiff seeks to recover from the defendant an overpayment of tax. The plaintiff purchased certain property adjoining its hotel in July, 1924. On the premises was a building in the nature of an apartment house, which was producing an income. Thereafter, in April, 1925, the building on this property was torn down, and an addition was added to the hotel on the property in place thereof.

The question in the case is whether the plaintiff purchased the property when they did for an investment, or with the intention of demolishing the building and erecting the addition to their hotel. If the former, plaintiff is entitled to recover. If the latter is true, it is not. From the evidence introduced, the witnesses Langford and Muller testified that the property was purchased for an investment. The real estate agent who conducted the sale testified that there was no discussion about the building being demolished at the time for an addition to the hotel.

It appears that real estate in Miami was not unusually active in July, 1924, but that it became very active early in 1925, and property values rapidly increased, and the population of Miami was rapidly enlarged. There was evidently no reason in July, 1924, for the plaintiffs to build an addition to the Hotel McAllister, but it would appear from the evidence that by April, 1925, the conditions would warrant an addition to the hotel, and that plaintiffs then decided to make such addition.

Giving the evidence every reasonable construction, I cannot arrive at the conclusion that the plaintiff intended at the time of the purchase to demolish the building, but that that determination arose afterwards. Under this conclusion, therefore, the cost of demolishing the building which appears in the

statement, and there is no contradiction in the evidence, amounted to $29,100, and this deduction is allowed.

The only other item concerning which there is a claim and evidence was introduced was $7,500 paid to Madame Jean to cancel a lease which the petition alleged was for premises in the building purchased, but which the evidence discloses was not in that building, but was on different property. This deduction cannot be allowed.

A decree may be drawn by counsel for the plaintiff in accordance herewith.